IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50312
Summary Calendar
_____

ROSIE GIPSON, Etc; ET AL.,

                                              Plaintiffs,

ROSIE GIPSON, As Next Friend of Sheila Gipson; ROSIE GIPSON;
THE ESTATE OF SHEILA GIPSON; CHESTER GIPSON;

                                              Plaintiffs-Appellants,

versus

CITY OF MEXIA; UNKNOWN POLICE OFFICERS,

                                              Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-345
- - - - - - - - - -
January 23, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Rosie Gipson, individually and as next friend of Sheila
Gipson, the estate of Sheila Gipson, and Chester Gipson appeal
from the district court's dismissal of their claims seeking
relief under 42 U.S.C. §§ 1981 and 1983, the Texas Constitution,
the Texas Tort Claims Act, and Texas common law for failure to
state a claim upon which relief may be granted.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs argue that the district court erred by granting the defendants' motion to transfer the instant case from the Austin Division to the Waco Division pursuant to 28 U.S.C. § 1404. Because all of the factual incidents involved in the instant case occurred in the Waco Division, all the parties lived in the Waco Division, and the investigating parties were centered in the Waco Division, the district court did not abuse its discretion by transferring the instant case to the Waco Division. See Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999).

We review the district court's dismissal under FED. R. CIV. P. 12(b)(6) de novo. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). Examination of the record indicates that the plaintiffs failed to allege facts sufficient to state a claim under 42 U.S.C. § 1983 against the unknown police officers. See County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197-200 (1989); Randolph v. Cervantes, 130 F.3d 727, 731 (5th Cir. 1997). Plaintiffs have also failed to allege any of the factors required to state a claim under 42 U.S.C. § 1981. See Bellows v. Amoco Oil Co., 118 F.3d 268, 274 (5th Cir. 1997). Because plaintiffs have failed to show any constitutional violations by the unknown police officers, they cannot show any constitutional injuries attributable to the City of Mexia. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

Plaintiffs concede that compensatory relief is not available for their equal-protection claim under the Texas Constitution,

but argue that they are entitled to equitable relief. However, plaintiffs have failed to allege sufficient facts to state an equal-protection claim under the Texas Constitution. See Reid v. Rolling Fork Public Utility Dist., 979 F.2d 1084, 1089 (5th Cir. 1992); Muhammad v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). Furthermore, plaintiffs' argument that their remaining state law claims were not barred by sovereign immunity because an ostensible agency relationship existed lacks merit. See Baptist Memorial Hosp. System v. Sampson, 969 S.W.2d 945, 949 (Tex. 1997); Roberts v. Haltom City, 543 S.W.2d 75, 80 (Tex. 1976).

Accordingly, the district court's judgment of dismissal is AFFIRMED.